IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL HUSTON,

                                                                 OPINION AND ORDER

                  Plaintiff,

                                                                  11-cv-169-slc[1]

     v.

JOSEPH STARKEY, WISCONSIN DOC
and ANN CARTMAN,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Michael Huston has filed a complaint, along with several "supplements" and letters over the last month in which he has updated the court on various matters that he believes are unfair or illegal. Most of plaintiff's filings are vague and rambling, but I understand him to be making two claims: (1) defendant Joseph Starkey, the agent supervising plaintiff on extended supervision since he was released from prison in January 2011, is imposing unconstitutional conditions of release on him; and (2) plaintiff was convicted wrongfully of sexual assault in 2002.

       Plaintiff does not identify the statute under which he is suing, but he wrote "civil

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

action" on the front of his complaint and asks for $100,000. However, neither of the claims plaintiff asserts may be brought as a civil action in federal court.

With respect to plaintiff's challenge to his conviction, I informed plaintiff in a previous case that a party cannot use a federal civil action as a means of invalidating a conviction. Huston v. State of Wisconsin, 08-cv-733-bbc (W.D. Wis. 2009). Rather, "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 [petitioner] must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to] 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, if plaintiff wishes to challenge his state conviction in federal court, he must do so in the context of a petition for a writ of habeas corpus and only after he has properly exhausted his remedies in state court.

Plaintiff's challenge to his conditions of extended supervision face the same problem. Under Preiser v. Rodriguez, 411 U.S. 475 (1973), a party who is challenging his "custody" in federal court must do so in a petition for a writ of habeas corpus after exhausting his state court remedies. Although plaintiff is no longer incarcerated, he is still "in custody" for the purpose of § 2254 because his liberty is restrained. Jones v. Cunningham, 371 U.S. 236

2

(1963). Further because a parolee's confinement is defined not by his placement in a prison but by various lesser restrictions on his liberty, a challenge to even one condition of parole is a challenge to the parolee's custody. Drollinger v. Milligan, 552 F.2d 1220, 1225 (7th Cir. 1977); Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003). Accordingly, under Drollinger and Williams, a person challenging his conditions of release must do so by filing a petition for a writ of habeas corpus after exhausting his state court remedies.

The court of appeals has made it clear that the rule in Drollinger and Williams is not limited to restrictions on a parolee's freedom of movement; it extends to all probation or parole conditions. Although Williams involved a restriction on international travel, the conditions at issue in Drollinger included requirements to support the plaintiff's daughter and attend church and prohibitions on associating with particular people and accepting gifts.

Plaintiff is on extended supervision rather than probation or parole, but there is no relevant distinction between these statuses for the purpose of determining whether plaintiff is challenging his custody. Accordingly, if plaintiff believes that the state is imposing unconstitutional restrictions on his release, he must challenge those conditions in state court. If he obtains no relief after exhausting the remedies available in state court, he may bring a petition for a writ of habeas corpus in federal court.

ORDER

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE because plaintiff Michael Huston's claims may not be brought in a federal civil action. If plaintiff wishes to challenge his conviction or his conditions of release, he must do so in a petition for a writ of habeas corpus after exhausting his state court remedies.

Entered this 13th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge